UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:22-mj-2190-JSS

CHRISTOPHER JOSEPH

**UNITED STATES'** *UNOPPOSED* **MOTION FOR DETERMINATION THAT THE "ENDS OF JUSTICE" WARRANT A TOLLING OF THE SPEEDY INDICTMENT DEADLINE**

The United States of America, by and through the undersigned Special Assistant United States Attorney for the Middle District of Florida, hereby moves, *unopposed*, for a determination by the Court, pursuant to 18 U.S.C. § 3161(h)(7)(A) that the ongoing negotiations between the parties warrant a brief delay in the 30-day requirement for charging the defendant by information or indictment. The grounds for the government's unopposed motion are stated below:

**MEMORANDUM OF LAW**

The Speedy Trial Act, 18 U.S.C. §§ 3161 - 3174, sets specific time limits in which a federal criminal case must be charged and tried. In particular, 18 U.S.C. § 3161(b) provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." *See* 18 U.S.C. § 3161(b) (2000).

While the Speedy Trial Act is intended to accelerate the prosecution of criminal cases, its provisions provide flexibility to allow the Court, in the management of the case, to take into account the realities involved during the course of the proceedings. The speedy indictment clock may be tolled pursuant to 18 U.S.C. § 3161(h)(7)(A), where an "ends of justice" finding is made in connection with a party's motion for a continuance:

> (7)(A)    Any period of delay resulting from a continuance *granted by any judge* on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the *ends of justice* served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*See* 18 U.S.C. § 3161(h)(7)(A) (emphasis added). One of the considerations this Court must make to determine of the ends of justice justifies a continuance is whether a denial of the continuance request "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation…" *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

On December 7, 2022, the defendant was arrested on a criminal complaint charging him with altering, destroying, mutilating of concealing a record, document, or other object, or attempting to do so, with the intent to impair the object's integrity or availability for use in an official proceeding and destruction, alteration, or falsification of records in federal investigations, in violation of 18 U.S.C. §§ 1512(c) and 1519, respectively. The following day, on December 8, 2022, after his initial appearance and detention hearing, the defendant was released on conditions,

including GPS monitoring and home detention.

In the intervening period, the defendant has retained the services of a new counsel, the counsel who represented him at the hearing has withdrawn, and the parties have begun discussing the possibility of a pre-indictment resolution.  The defendant, with counsel, has executed a written waiver of speedy indictment through February 28, 2023. (Doc. 11).

The government moves this Court to find that the "ends of justice" warrant a brief tolling of the speedy indictment clock while the defense consults with additional personnel, and the parties continue to engage in negotiations. *See United States v. Arcible*, 2020 WL 6489311 (N.D. Georgia September 16, 2020) (affirming the district court's granting of "ends of justice" continuance because "defense counsel needed the additional time to review the discovery, meet with Defendant, and determine whether pretrial motions were appropriate.")

WHEREFORE, the United States respectfully requests that the Court accept defendant's Waiver of Right to Speedy Indictment and make a determination that the "ends of justice" are served by granting the government's *unopposed* request to briefly toll the speedy indictment clock up to and including February 28, 2022.

                               Respectfully submitted,

                               ROGER HANDBERG
                               United States Attorney

By:   */s/Joseph H.* Wheeler III
       JOSEPH H. WHEELER III
       Special Assistant United States Attorney
       Florida Bar No. 87451
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       Telephone:  (813) 274-6000
       Facsimile:   (813) 274-6358
       E-mail:  joseph.wheeler2@usdoj.gov

U.S. v. Christopher Joseph  Case No. 8:22-mj-02190-JSS

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Matt Farmer, Esq.

*/s/Joseph H.* Wheeler III
JOSEPH H. WHEELER III
Special Assistant United States Attorney
Florida Bar No. 87451
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: joseph.wheeler2@usdoj.gov
